# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:23-cv-10800 |
| *Plaintiff*, | Judge Gershwin Drain |
| v. | Magistrate Judge Patricia Morris |
| ERNEST C. MOCZIK, BARBARA C. WALZ, and HURON COUNTY TREASURER, | |
| *Defendants*. | |

## Order Appointing Receiver

Now before the Court is Plaintiff United States of America's Motion to Appoint Receiver to Enforce Tax Liens, to appoint a receiver to take control of, and sell, two parcels of real property (the "Property") under 26 U.S.C. ¶¶ 7402(a) and 7403(d), to enforce federal tax liens for the tax liabilities of Defendant Ernest Moczik. The Court previously granted the United States' Motion for Default Judgment and ruled that the United States may sell the Property in partial satisfaction of the federal tax liens securing certain liabilities of defendant Moczik.

The first parcel is approximately 80 acres located at 2787 North Van Dyke Road, Bad Axe, Michigan 48413. The first parcel is identified as Parcel ID Number 16-025-007-00 and has a legal description as follows:

> The South 1/2 of the Northeast 1/4 of Section 25, Township 17 North, Range 12 East, EXCEPT a strip of land 50 feet in width lying West of and adjacent to the centerline of Highway M-53 along the Easterly Line of the land, conveyed to the State of Michigan.

The second parcel is approximately 40 acres and is also located at 2787 North Van Dyke Road, Bad Axe, Michigan 48413. The second parcel is identified as Parcel ID Number 16-025-008-00 and has a legal description as follows:

> The Southeast quarter of the Northwest quarter of Section 25, Township 12 North, Range 12 East.

The United States has moved the Court to appoint Chris Garza as receiver to take control of, and sell, the Real Property. Mr. Garza is a Salesperson and Land Specialist at Whitetail Properties Real Estate; ((217) 285-9000; chris.garza@whitetailproperties.com). Accompanying the United States' motion is Mr. Garza's declaration, wherein he states that he is ready and willing to assume the responsibilities of a Court appointment as Receiver to take control of, and sell, the Property. His declaration also sets forth some of his qualifications to serve as receiver.

2

Based on those qualifications, the Court finds that Mr. Garza is qualified to serve as receiver to take control of, and sell, the Real Property.

The Court being fully advised about the premises of the motion, and for good cause shown, it is hereby

ORDERED that the Property shall be sold to enforce the federal tax liens for the liabilities of Defendant Moczik that were reduced to judgment in favor of the United States in a prior U.S. District Court action in the Middle District of Florida (Case No. 8:21-cv-1042), and it is hereby

ORDERED FURTHER that Chris Garza of Whitetail Properties is appointed as Receiver for the purposes of assisting in the enforcement of the federal tax liens under 26 U.S.C. §§ 7402(a) and 7403(d), and he is authorized and directed to take control, and arrange the sale, of the Property in accordance with this Order, and it is hereby

ORDERED FURTHER that all persons occupying the Property shall vacate it by no later than 30 days from the date of this Order unless they contact counsel for the United States and receive permission to remain in the Property. When vacating the premises,

each person must take with them his or her personal property, but, except with prior written permission from the United States, leave all improvements, buildings, fixtures, and appurtenances to the Property. If any person fails or refuses to vacate the Property as required by this Order, the Receiver is authorized to coordinate with the United States Marshals Service, which may take all actions that are reasonably necessary to have those persons ejected without further order of the Court. The United States Marshals Service is authorized and directed to take any and all necessary and reasonable actions to enter and remain on the premises, which includes, but is not limited to, the land, buildings, vehicles, and any other structures located thereon, for the purpose of executing this Order. The United States Marshals Service is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way, with the execution of this Order, and it is hereby

    ORDERED FURTHER that the sale of the Property will be subject to the following numbered paragraphs of terms and conditions.

1. **Sale of Clear Title** - The sale of the Property shall be free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including any rights of redemption. Subject to the judgment and other orders of this Court, including the provisions of this Order of Appointment of Receiver, any rights, titles, claims, liens, and interests of all parties to this action shall attach to the proceeds of sale to the same extent and in the same order of priority as they did against the Property.

2. **Sale Subject to Building Lines, Laws, Ordinances, Regulations, and Items of Record** - The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) that affect the Property, and easements, restrictions, and reservations of record, if any.

3. **"As is" Sale** - The Property shall be offered for sale "as is," with all faults and without any warranties either express or implied. Upon this Court's approval of a purchase and sale agreement, the Receiver shall sign a Receiver's Deed consistent with this order.

4. **No Right of Redemption** - The sale shall be made without any right of redemption.

5.     **Sale Subject to Approval of the Court** – Although the Receiver may execute and enter into a purchase agreement for the sale of the Property as the seller, as provided more fully below, the executed agreement must be submitted by the United States' filing of a motion to the Court for its approval, and a closing for the sale may not take place unless and until the Court enters an order approving the sale. The parties, including Mr. Garza, shall be given seven days after service of such motion for approval to object to the purchase price by filing a written objection with the Court. Should the Court not approve a sale, the purchaser shall be entitled to return of the earnest money deposit (described further below).

6.     **Compensation for the Receiver** – If the buyer has a broker entitled to a commission from the gross proceeds of the sale, the Receiver shall be compensated from the proceeds of the sale in an amount not to exceed six percent (6%) of the gross sale proceeds paid by the buyer at closing. The Receiver shall pay any buyer broker commission for the sale from the Receiver's commission in an amount not to exceed two percent (2%) of the gross sale proceeds unless agreed in writing by the Receiver otherwise. If there is no separate buyer

6

broker or if the broker is affiliated with the Receiver's brokerage, the total commission shall be five percent (5%) of the gross sale proceeds paid by the buyer. At closing, the Receiver and any buyer broker shall receive payment of the above-described compensation from a distribution from the gross proceeds of a sale previously approved by the Court, as a direct cost of sale, and before any net sale proceeds are used to pay the claims of the parties to this action.

7. **Rights, Powers, and Authority of the Receiver** – The Receiver shall have all of the rights and powers necessary to fulfill his obligations under the Order, specifically including, but not necessarily limited to, the power to enter the premises, to inspect the premises, to secure and preserve the property and its salability, to list and advertise the sale of the property, and to show it to prospective buyers. In particular, the Receiver may enter, inspect, and conduct emergency repairs or maintenance during the 30-day period to vacate (as ordered above); but the Receiver shall not restrict occupant entry until the period to vacate expires unless Mr. Garza confirms that all persons and personal property have been vacated.

a) **Expenditures by the Receiver** - The Receiver may, but is not required to, make from his funds or his brokerage's funds payment of real property taxes, insurance, water, sewer, and other utility charges or fees and/or the cost of having a contractor cut the lawn, shovel snow, or otherwise maintain or improve the property. Any such advances must be approved by the United States in advance and shall be reimbursed from the sale proceeds separate from the Receiver's commission.

b) **Listing Price** – The Receiver shall determine the initial listing price for the Real Property subject to approval by the United States.

c) **Earnest Money Deposit** – An earnest money deposit payable by cash, certified check, or cashier's check shall be required as part of a purchase agreement, in a commercially reasonable amount that shall be subject to approval by the United States. The earnest money deposit from a buyer shall be held by the Receiver or the Receiver's brokerage unless the purchaser has a title company or closing attorney act as escrow agent on terms consistent with this order and approved by the United States; the

purchaser bears any cost for that service. The Receiver shall provide the deposit at or shortly before the closing for the sale to the title company or attorney serving as the escrow and distribution agent and conducting the closing for the sale. If the purchaser fails to perform under the terms of the agreement, the purchase agreement shall be deemed null and void and the deposit shall be forfeited. Any forfeited earnest money deposit shall be used first to pay the cost, if any, of document preparation for the transaction that did not close, and any amount remaining shall be turned over to the United States and applied to the federal tax liens. If a purchaser fails to perform under the terms of a purchase agreement, the Receiver shall relist the property under the terms and conditions of this order.

   d)  **Purchase Agreement Generally** - The purchase agreement shall require that the balance of the purchase price is to be paid at closing by cash, certified check, wire transfer or cashier's check. A purchase agreement may include other customary and reasonable terms in the discretion of the United States, in consultation with the Receiver.

e) **Negotiation of a Purchase Agreement and its Submission to the Court for Approval** - The Receiver shall negotiate a sale of the property. He may make a counteroffer, subject to approval by the United States. He may agree to a purchase price and enter into a purchase agreement subject to approval by the United States and subject thereafter to approval by the Court. When the Receiver obtains a purchase agreement for the property that the United States has approved, the United States shall file a motion with the Court for approval of the sale on the terms of the agreement. The defendants shall have the right to file an objection to the motion. Counsel for the United States does not represent the Receiver, but counsel for the United States may assist with contract drafting and such other matters as are in its own interests, and the Receiver may rely on statements made by counsel for the United States that are within the scope of counsel's representation of the United States. The Receiver is not authorized to retain separate counsel (other than a closing attorney) without approval of this Court, to which the

Receiver may make a request on notice to all parties should he believe there is a need to retain separate counsel.

f) **Closing for Sale** - If the Court enters an order approving a sale on the terms of the purchase agreement, the Receiver shall arrange a closing with the buyer and a title company or an attorney, if applicable law requires an attorney to conduct real property sale closings, that the Receiver has selected to conduct the closing and serve as escrow and distribution agent for the sale. After the Court approves a purchase agreement, the Receiver shall provide the title company or the attorney conducting the closing with a Receiver's Deed to the Real Property, which may be used to convey title to the buyer(s) at the closing for the sale.

8. **Priority of Reimbursement of the Receiver for Expenses the Receiver or Receiver's Firm Pay for Maintenance, Repair, Renovation, and to Otherwise Protect and Preserve the Property and its Salability** - To the extent that the Receiver, with the prior written approval of the United States, expends any funds to preserve and maintain the property or improve its salability (such as

11

the cost of having a contractor cut the lawn, shovel snow off the adjoining sidewalk, repair a broken window, repair appliances or paint a room), the Receiver shall be entitled to recover the same at the closing from the gross proceeds of the sale with priority over the claims of all parties, except any claims for real property taxes and water and sewer fees. The Receiver must provide counsel for the United States with receipts, paid invoices, or copies of cancelled checks proving the amounts that the Receiver paid for such expenses.

9. **Disbursements at Closing** - At the closing, the title company or attorney conducting the closing shall disburse from the gross sale proceeds the funds necessary to pay any outstanding real property taxes, water, sewer, and other utility fees, the seller's share of fees and costs reasonable and necessary for the closing including but not limited to the premium for title insurance, tax pro-rations, commissions and fees for the Receiver and any to be shared with a buyer realtor, agent or broker, and reimbursement of expenses paid by the Receiver or his firm. If the order approving the sale also authorizes distribution of remaining sale proceeds to the parties or other liens, those disbursements may also be made at the closing.

12

10. **Escrow and Distribution Agent -** In addition to conducting the closing, the title company or attorney selected by the Receiver shall hold in escrow any net proceeds remaining after the payment at the closing of the direct costs of the sale of the Real Property and other disbursements authorized by the Court (as provided in the preceding paragraph), pending the entry of an order of further distribution. Upon receipt of an order determining the distribution of any such escrowed proceeds, the title company or attorney that conducted the closing shall distribute the escrowed proceeds promptly and in accordance with the order.

11. **Motion for Distribution of Net Proceeds of Sale** – Unless the order approving a sale or other Court order already provides for a distribution of all net proceeds, the United States shall file a motion for distribution of the remaining net proceeds of sale after the closing. The motion shall specify the persons or entities that are to receive the remaining proceeds of sale and the respective amount each of them is to receive. The defendants shall have the right to object to such motion.

12. **No Interference with Sale or Value** – The defendants, lessees and any other persons acting in concert with them or on their behalf, are prohibited from interfering with the Property, the Receiver, and the Receiver's efforts to comply with duties and obligations under this Order. The defendants shall neither do anything that tends to reduce the value or marketability of the property nor cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet or social media postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential buyers from participating in the public sale, nor shall they cause or permit anyone else to do so. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

13. **Removal of Personal Property from the Real Property** - Any personal property remaining on the Property after the time by which the Property must be vacated will be deemed forfeited and abandoned, and the United States, the Receiver, the United States Marshals or their agents are authorized to dispose of the personal

property, without further order of this Court, in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the costs and expenses of sale and the balance shall be held in escrow in a manner consistent with private sales pending distribution pursuant to further order of this Court. Notwithstanding anything stated to the contrary herein, in the event that crops are planted on the Property on or before the entry of this Order by a person leasing Property, the crop planted on the Property may be harvested and removed when such crops are ripe for harvesting by such person upon payment to the United States of the rent owing for the rental of the Property. In the event the purchaser of the Property is not the current lessee of the Property, all wheat, oats or other grains except corn, soybeans or sugar beets shall be removed from the Property no later than July 30, 2025 or such shall be forfeited. In the event corn, soybeans or sugar beets are planted on the Property, such shall be removed on or before November 15, 2025 or shall be forfeited.

    14. **Cooperation Required** - All parties and other persons acting in concert with them or on their behalf shall cooperate with the

15

Receiver in the Receiver's efforts to fulfill the duties and obligations under this order.

    IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated: <u>August 14, 2025</u>                <u>/s/Gershwin A. Drain</u>
                                       GERSHWIN A. DRAIN
                                       United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 14, 2025, by electronic and/or ordinary mail.
<u>/s/ Marlena Williams</u>
Case Manager